Reese, J.
delivered the opinion of the eourt.
The plaintiff in the circuit court of Hardin county, recovered, on motion, a judgment against the defendants for a balance of the county revenue by Nevill collected and not paid over; and the defendants have appealed in error to this court. Among *38 the grounds urged here by the defendants in resistance to an affirmance of the judgment below, we perceive none which have not heretofore received the consideration and adverse judgment of this court, and which are material, except one, and that is, that the collector’s bond in this case was taken to cover the amount of the county revenue for one year only. The act of 1S35, ch. 15, sec. 2, provides, that “the collector shall give bond with two or more securities, which the county court shall approve of in the sum of double the amount of the county taxes to be collected,” &c., conditioned for the collection and payment to the county trustee, &c. of all taxes by him collected, or which should have been collected on or before the first Monday of October, in each and every year in which he shall collect the taxes. In the case of Mabry vs. Tarver, one objection urged by the collector’s counsel was, that the bond in that case was not annual; it being insisted with much ingenuity that the penalty of the bond being required by the statute to be in double the amount of the taxes assessed, and as the assessment would vary in different years according to the will and action of the county court, that requisition could not be complied with, except by taking an annual bond. It was said also, that this was implied in the other terms used in the statute, and that such course would be more convenient in practice, as being better calculated to enforce the annual responsibility of the county collector, and to keep the taxes of different years distinct from each other. As to the objection taken in that case, the court say; “it may be remarked, that the statute does not require in terms that separate bonds should be taken, but requires only that the bond should be conditioned for the payment of the taxes in each and every year he may collect, on the first Monday in October; that the term of office of a sheriff and collector has always been in our statute two years, and the bond has uniformly embraced the entire time; and if it had been the purpose of the legislature to have made so marked an innovation upon established usage as the requirement of an annual bond, it is difficult to suppose that they would not have so directed in terms.”
It by no means follows, however, from the above language of *39 the court on the subject of practice and usage, and absence of terms of positive requirement in the statute, that an annual bond is void, or that the county court, upon assessment of the taxes in each year have not the power to take from their collector a bond for each year, in double the amount of such taxes, for their faithful collection and payment. All the court in that case was called upon to decide, and all it did decide, was that such terms were not in the statute, as would make void a bond covering the entire term of the collector. And it is obvious from that case, that they were not then of opinion, any more than now, that a bond taken for one year only would be void. See the case in 1 Humphreys, 94. We are of opinion, therefore, that there is nothing in this ground any more than in the other referred to, why the judgment rendered in the circuit court should not be affirmed, and we do accordingly affirm it.